## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KEVIN S. MITCHELL,**

**Plaintiff,**

**-vs-**                                                    **Case No.  6:09-cv-1788-Orl-GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

**Defendant.**

_____

## MEMORANDUM OF DECISION

Kevin S. Mitchell (the "Claimant"), appeals to the District Court from a final decision of

the Commissioner of Social Security (the "Commissioner") denying his application for benefits.

Doc. No. 1.  Claimant argues that the final decision of the Commissioner should be reversed

because: 1) the Administrative Law Judge's (the "ALJ") residual functional capacity (the

"RFC") determination is incomplete and not supported by substantial evidence; 2) the ALJ erred

by failing to properly apply the pain standard and SSR 96-7p in weighing the Claimant's

credibility.  Doc. No. 18. The Commissioner's decision is **REVERSED and REMANDED**

**pursuant to sentence four of 42 U.S.C. § 405(g) because the ALJ's RFC determination does**

**not comply with the requirements of Social Security Ruling 96-8p and 20 CFR §**

**404.1545(b)**.

## I.      BACKGROUND.

Claimant was born on November 11, 1955.  R. 75.  Claimant received a general

education diploma ("GED") and also received vocational training in welding.  R. 26, 159.

Claimant's past employment experience includes working as a machine operator, mold cleaner, welder, fabricator, and tree trimmer. R. 138-51, 181-83. On June 27, 2006, Claimant filed an application for benefits alleging an onset of disability as of September 3, 2005. R. 123-29. Claimant alleges disability due to: multi-level lumbar degenerative disk disease and facet joint disease from L1 to S1 with broad-based disk bulge and spondylolisthesis with slippage at L5-S1; depression; and personality disorder. R. 208. Claimant also alleges that he is disabled due to chronic pain. R. 153, 156-57, 170, 172-73, 189, 209.

## II.    RELEVANT MEDICAL RECORD.

Claimant received intermittent chiropractic care for low back pain and muscle spasms in the late 1990's. R. 232-43. From December 11, 2002 through March 12, 2004, Claimant received further chiropractic care and a series of "Standing Full Spine Static EMGs" which "quantified the levels of muscle tension about the spine." R. 217-28. On August 5, 2006, an x-ray ordered by Claimant's chiropractor revealed "disc thinning and disease evident at the L5/S1," osteoarthritis at the L5 and L2/L3, and positive sciatic nerve compression. R. 231. An MRI was recommended. R. 231.

On September 8, 2005, Claimant presented to Dr. H.G. Royal, M.D., complaining of low back pain, numbness in "buttocks" while sitting, and pain when standing up. R. 247. Dr. Royal diagnosed Claimant with chronic lower back pain, ordered an x-ray, and referred Claimant to another physician. R. 247. The x-ray revealed "intervertebral disc space narrowing throughout the entire lumbar spine. There is facet joint disease evident, especially at the L4-L5 and L5-S1 levels. A mild scoliosis is present, convex to the right. No lytic, blastic, or destructive changes are identified." R. 250. Dr. Goltra, Jr., the physician interpreting the x-ray, opined that that

Claimant suffers from "[m]ultilevel degenerative disc disease and facet joint disease within the lumbar spine. The findings are most severe at L4-5 and L5-S1." R. 250.

On September 15, 2005, on referral from Dr. Royal, Claimant presented to Dr. Ty W. Carter. R. 254. Dr. Carter's treatment notes state:

> This is a 49-year-old . . . male who had a long history of low back problems. The patient says that he has been treated off and on in the past by medical doctors as well as Chiropractor. The patient was a welder for many years. He says that tended to cause his back pain. Over the last several months, the patient has been working doing some lifting. The patient says that on 8/3/05, he was doing some lifting on the job and felt an episode of back pain. He says it has been fairly constant since then. He saw Dr. Royal and had x-rays performed as well as given some anti-inflammatory medicines and muscle relaxers. The patient says that he has been unable to work for the last 2 weeks due to the amount of pain he is having. He says it is mostly muscle related. The patient basically states he has a history of chronic low back pain and he has had some left lateral foot pain. He says when he had the acute episode of muscle spasms a couple of weeks ago, his foot pain got better and now that he is up mobilizing better, his foot pain is back. The patient says that he has been recommended to do physical therapy but hasn't tried it yet. The patient says with any activity, especially twisting and bending, causes pain; it does not wake him up at night. He does have stiffness in the morning.

R. 254. Physical examination showed "some tenderness in the midline and paraspinal areas around L4-5 and L5-S1," negative straight leg raises, 5/5 strength throughout lower extremities, intact sensation, 2+ deep tendon reflexes, no clonus or Babinski, and no muscle atrophy or skin changes. R. 254. Dr. Carter diagnosed Claimant with lumbar degenerative disk disease with super imposed lumbar strain with left leg radiculopathy. R. 254. Dr. Carter recommended an MRI and epidural steroid injections. R. 254.

On September 27, 2005, Claimant returned to Dr. Cater for a follow-up appointment. R. 255. The MRI showed "several degenerative disk levels; mainly from L1 to S1." R. 255. "The

worst level is L5-S1 where he has grade 1 spondylolisthesis with a 3mm slippage." R. 255. The MRI also showed a "broad based disk bulge to the left at L5-S1 that could be contributing to his left leg radiculopathy." R. 255. Claimant reported that he was feeling "slightly better" with the use of Flexeril and other medications. R. 255. Dr. Carter recommended that Claimant engage in physical therapy or epidural injections. R. 255. Claimant stated that he was probably going to apply for disability benefits, but Dr. Carter opined that Claimant could work. R. 255.

On October 18, 2005, Claimant presented to Dr. David D. Goltra, Jr. R. 256. Dr. Goltra reviewed Claimant's MRI results and offered to treat Claimant with epidural steroid injections and possibly selective nerve root blocks. R. 256. Claimant reported that he was not currently experiencing any pain and that he did not want to begin any treatment. R. 256.

On August 14, 2006, Claimant presented to Dr. Susan J. Tankersley for a consultative examination. R. 258-61. Claimant reported that his low back pain became intolerable by September of 2005, causing him to quit working. R. 258. Claimant stated that "[h]is pain can be elicited by prolonged sitting, standing, lifting, or bending, or if he moves the wrong way or sneezes." R. 258. Claimant admitted that he declined epidural steroid injections with Dr. Goltra because, at the time, he was not hurting. R. 259. R. 259. Physical examination revealed normal strength and range of motion in the upper and lower extremities. R. 260. Claimant displayed decreased range of motion in the lumbar spine, but straight leg testing was negative both while sitting and supine. R. 260. Dr. Tankersley's impressions were: history of degenerative joint disease; degenerative disc disease of the lumbar spine; chronic intermittent lower back pain; no current evidence of radiculopathy; and hard of hearing in the left ear. R. 261. Dr. Tankersley offered no opinion as to Claimant's functional limitations or his ability to work.

On January 31, 2007, Claimant presented to Dr. John B. Bradley, Ph.D., for a consultative mental status examination.  R. 283-285.   Dr. Brabley noted that Claimant reported suicidal ideation without intention and his attention and concentration skills were below normal.  R. 285.  Claimant's judgment was fair, but his insight was limited.  R. 285.  Claimant reported that he was depressed due to his back condition and his inability to obtain treatment due to a lack of financial resources. R. 285.  Dr. Bradley diagnosed Claimant with depression, not otherwise specified, and personality disorder, not otherwise specified with features of borderline personality disorder.  R. 285.  Dr. Bradley assigned Claimant a GAF score of 65.  R. 285.

From February 27, 2008 through November 21, 2008, Claimant continued to receive intermittent chiropractic treatment for his low back pain.  R. 327-34.  During that time, Claimant continued to be diagnosed with chronic low back pain.  R. 327.

On August 30, 2006, Dr. William Lindler, a non-examining state agency consultant, completed a physical RFC assessment based on a review of Claimant's medical records to date.  R. 263-270.  Dr. Lindler opined that Claimant can lift and/or carry up to 50 pounds occasionally, 25 pounds frequently; stand and/or walk about 6 hours in an 8-hour workday; sit about 6 hours in an 8-hour workday; and push and/or pull without limitation.  R. 264.  Dr. Lindler based his opinion on Dr. Tankersley's August 14, 2006 consultative examination.  *See* R. 264.  Dr. Linder indicated that Claimant can only occasionally climb ladders, ropes, or scaffolds, but Claimant can frequently climb ramps or stairs, balance, stoop, kneel, crouch, and crawl.  R. 265.  Dr. Lindler concluded that Claimant has no other limitations.  R. 266-67.  Dr. Lindler opined that the Claimant's symptoms are attributable to a medically determinable impairment.  R. 268.

On December 21, 2006, Dr. Ellen Humphries, a non-examining state agency consultant,

completed a physical RFC assessment based on a review of Claimant's medical records to date. R. 273-80.   Dr. Humphries opined that Claimant can lift and/or carry up to 20 pounds occasionally, 10 pounds frequently; stand and/or walk about 6 hours in an 8-hour workday; sit about 6 hours in an 8-hour workday; and push and/or pull without limitation.   R. 274.   Dr. Humphries indicated that Claimant can only occasionally climb ladders, ropes, or scaffolds, but Claimant can frequently climb ramps or stairs, balance, stoop, kneel, crouch, and crawl.   R. 275. Dr. Humphries concluded that Claimant has no other limitations.   R. 276-77.   Dr. Humphries opined that Claimant's symptoms are attributable to a medically determinable impairment.   R. 278.

### III.   PROCEEDINGS BELOW.

Claimant's application was denied initially and upon reconsideration.   R. 75, 78, 82-83, 87, 94-95.   Thereafter, Claimant requested a hearing before an ALJ.   R. 101.   On April 1, 2009 a hearing was held before ALJ Walter C. Herin, Jr.   R. 29-68.   Claimant, who was represented by a non-attorney, and Vocational Expert (the "VE"), Robert Brabham, were the only persons to testify at the hearing.   R. 29-68.

At the hearing, Claimant testified that he can only sit for half an hour without having to stand up or lie down.   R. 37-38.   Claimant testified that he can only stand in one spot for half an hour without having to move around and he can only walk for an hour or so before having to sit down or stretch out.   R. 38-39.   Claimant stated that he has good days and bad days.   R. 39.   On good days he can lie down for fifteen minutes and return to standing, sitting, or walking, but on bad days he cannot get up.   R. 39-40.   Claimant stated he could only work for two hours in an eight hour workday for a five day period.   R. 45.

The following exchange occurred between the ALJ and the VE:

> ALJ: If you'll assume, please, the presence of an individual the approximate age, education, past work experience as the Claimant in this case, whose seeking employment with the following limitations. <u>Performing only simple routine tasks, in a low stress, slow paced environment, that does not require on-going interaction with the general public, does not require lifting and carrying over 20 pounds occasionally and ten pounds frequently, and no more than frequent stooping, crouching, kneeling, climbing of stairs or ramps, crawling or balancing, and no more than occasional climbing of ladders, ropes, or scaffolds.</u>  As I understood your description a minute ago, none of the past relevant work would be possible under those restrictions.
>
> VE: That's correct.
>
> ALJ: Could you identify other jobs that would accommodate those restrictions?
>
> VE: Yes, Your Honor, I think you're looking at a really good number of light exertional level unskilled jobs, that aren't going to deal with the public. . . .

R. 61-62 (emphasis added).  The VE then identified three jobs which such a person could perform: hand packer; production inspector; and garment folder. R. 62-63.  As set forth above, the ALJ did not include any functional limitations regarding Claimant's ability to sit, stand, or walk in his first hypothetical question to the VE.  R. 61.

The ALJ then asked the VE a second hypothetical question.

> ALJ: Let me turn to hypothetical [number] two . . . assuming again the presence of an individual the approximate age, education, past work experience, as the [C]laimant in the case, seeking employment with the following limitations. Performing only simple routine tasks in a lower stress, slower paced environment, that does not require on-going interaction with the general public, does not require lifting and carrying over 10 pounds occasionally, or less than 10 pounds frequently, <u>no standing or walking over two hours in an eight hour work day,</u> no more than occasional stooping, balancing, crouching, kneeling, climbing of stairs or ramps, no crawling, no climbing of ladders or ropes or

-7-

> scaffolds, could you identify a representative jobs [sic] that
> would accommodate those restrictions for me?
>
> VE:   I think you're looking at . . . sedentary, unskilled work.

R. 65 (emphasis added).  The VE then described three jobs a person with such limitations could

perform: machine tender; surveillance monitor; and assembler.  R. 65.  As set forth above, in the

second hypothetical question, the ALJ included the functional limitations of standing and

walking, but did not provide any functional limitations regarding sitting.  R. 65.

On May 5, 2009, the ALJ issued a decision finding Claimant not disabled.  R. 9-18.

In his decision, the ALJ made the following findings:

1. The Claimant meets the insured status requirements of the Social Security Act through December 31, 20110;

2. The Claimant has not engaged in substantial gainful activity since September 3, 2005, the alleged onset date;

3. The Claimant has the following severe impairments: degenerative disc disease and spondylolisthesis of the lumbar spine, osteoarthritis, and depression;

4. The Claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1;

5. After careful consideration of the entire record, [the ALJ] find[s] that the Claimant has the following [RFC]: he is limited to simple, routine tasks in a low stress and slow paced environment that requires no interaction with the public; he cannot lift or carry over 20 pounds occasionally and 10 pounds frequently; he can frequently stoop, crouch, kneel, crawl, balance, and climb stairs or ramps; and he can only occasionally climb ladders, ropes or scaffolds;

6. The Claimant is unable to perform any past relevant work;

7. The Claimant was 49 years old as of this alleged disability onset date and he is currently 53 years old;

8. The Claimant has at least a high school education and is able to communicate in English;

9. The Claimant's previously acquired job skills are not transferable to work within his

[RFC];

10. Considering the Claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the Claimant can perform; and

11. The Claimant has not been under a disability, as defined in the Social Security Act, from September 3, 2005 through the date of this decision.

R. 9-17 (emphasis added).  Thus, the ALJ determined that the Claimant is not disabled.  R. 13-24.

As set forth above, the ALJ determined that Claimant retains an RFC which is "limited to simple, routine tasks in a low stress and slow paced environment that requires no interaction with the public; he cannot lift or carry over 20 pounds occasionally and 10 pounds frequently; he can frequently stoop, crouch, kneel, crawl, balance, and climb stairs or ramps; and he can only occasionally climb ladders, ropes or scaffolds."  R. 13.  The ALJ's RFC assessment does not include any findings regarding Claimant's ability to sit, stand, or walk.  *Id.*   When the ALJ determined whether other work exists in the national economy which Claimant can perform, the ALJ stated:

> If the [C]laimant had the [RFC] to perform a full range of light work, a finding of "not disabled" would be directed. . . .  However, the [C]laimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations.

R. 17 (emphasis added).  Thus, the ALJ found that Claimant retained an RFC for less than a full range of light work.  R. 13, 17.

Relying on the VE's testimony as to the ALJ's first hypothetical question, the ALJ stated:

> To determine the extent to which these additional limitations erode the unskilled light occupational base, I asked the [VE] whether jobs exist in the national economy for an individual with the

> [C]laimant's age, education, work experience, and [RFC].   The
> [VE] testified that given all of these factors the individual would
> be able to perform the requirements of representative occupations
> such as hand packer (light, unskilled), product inspector (light,
> unskilled), and garment folder (light, unskilled). . . .  Based on the
> testimony of the [VE], I conclude that, considering the
> [C]laimant's age, education, work experience, and [RFC], the
> [C]laimant has been capable of making a successful adjustment to
> other work that exists in significant numbers in the national
> economy.

R. 17.  Thus, the ALJ's finding that Claimant is able to perform jobs that are readily available is

expressly based upon the first hypothetical question posed to the VE.[1]  Based on the forgoing, the

ALJ found that Claimant is not disabled.

 After the ALJ's decision, Claimant requested review before the Appeals Council.  R. 6.

On September 2, 2009, the Appeals Council denied Claimant's request for review making the

ALJ's decision the final decision of the Commissioner.   R. 1-4.  Thereafter, Claimant sought

review of the Commissioner's final decision in the District Court.  Doc. No. 1.

## IV.   THE ISSUES.

 The Claimant raises two issues regarding the Commissioner's final decision as set forth

below:

1. The ALJ erred by failing to provide a complete RFC assessment.  Claimant maintains
   that the ALJ's failure to address any limitations with regard to Claimant's ability to
   sit, stand, or walk renders the RFC assessment incomplete and not in compliance with
   SSR 96-8p.   Alternatively, Claimant maintains that the ALJ's RFC assessment is
   based solely on the opinion of a non-examining state agency consultant which does
   not constitute substantial evidence; and

2. The ALJ erred by failing to properly follow the pain standard and SSR 96-7p when
   assessing Claimant's credibility.   More specifically, Claimant maintains that the
   ALJ's failure to articulate reasons why his subjective statements were inconsistent
   and inconsistent with the medical evidence warrants reversal.

---

[1] The ALJ's decision does not contain any reference to the second hypothetical question posed to the VE.  R. 17.

Doc. No. 18 at 1-9.  Accordingly, Claimant requests that the Court enter an order reversing the final decision of the Commissioner and remanding for an award of benefits.  Doc. No. 18 at 9.[2] Alternatively, Claimant requests that the case be reversed and remanded pursuant to sentence four of Section 405(g) for a supplemental hearing to include an accurate assessment of Claimant's RFC and a proper credibility determination.  *Id.*

The Commissioner generally maintains that substantial evidence support the final decision of the Commissioner.  Doc. No. 19 at 1-11.  As to the two issues raised above, the Commissioner argues:

1. The ALJ "clearly discussed [Claimant's] allegations regarding his ability to sit, stand, and walk," and "no physician of record assigned any limitations on [Claimant's] ability to sit, stand, or walk."  Doc. No. 19 at 8.  Therefore, the ALJ found Claimant was not limited in the ability to sit, stand, or walk.  Moreover, although not actually referred to in the ALJ's decision, the RFC determination is supported by the opinion of the non-examining state agency consultant, Dr. Humphries.  No other medical opinions contradict Dr. Humphries opinion, and an ALJ may rely on a non-examining state agency opinion in denying an application for benefits.  Doc. No. 19 at 5 (citing *Edwards v. Sullivan*, 937 F.2d 580, 585 (11th Cir. 1991)); and

2. Dr. Carter's statement that Claimant could work shows that Claimant's subjective statements that he was totally disabled are inconsistent with the medical record.  Moreover, the Claimant's statements regarding his activities of daily living are inconsistent with Claimant's allegations of total disability.

Doc. No. 19 at 1-12.  Thus, the Commissioner maintains that the final decision is supported by substantial evidence and applied the proper legal standards.  Doc. No. 19 at 13.  Accordingly, the Commissioner requests that the final decision be affirmed.  *Id.*

---

[2] Claimant also requests an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 3412(d).

V.    **LEGAL STANDARDS.**

   A.    **THE ALJ'S FIVE-STEP DISABILITY ANALYSIS.**

   Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 CFR §§ 404.1520(a), 416.920(a).   The steps are followed in order.   If it is determined that the claimant is or is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

   At step one, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 CFR §§ 404.1520(b), 416.920(b).   Substantial gainful activity ("SGA") is defined as work activity that is both substantial and gainful.   "Substantial work activity" is work activity that involves performing significant physical or mental activities. 20 CFR §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually performed for pay or profit, whether or not a profit is realized. 20 CFR §§ 404.1572(b), 416.972(b).   Generally, if an individual has earnings from employment or self-employment above a specific level set out in the regulations, it is presumed that he has demonstrated the ability to engage in SGA. 20 CFR §§ 404.1574, 404.1575, 416.974, 416.975.   If an individual is not engaging in SGA, the analysis proceeds to the second step.

   At step two, the ALJ must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 CFR §§ 404.1520(c), 416.920(c).   An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work

activities.  20 CFR § 404.1521.  An impairment or combination of impairments is "not severe" when medical or other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 CFR §§ 404.1521, 416.921.

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process.  42 U.S.C. § 423(d)(2)(B).  The ALJ must evaluate a disability claimant as a whole person, and not in the abstract as having several hypothetical and isolated illnesses. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993).  Accordingly, the ALJ must make it clear to the reviewing court that the ALJ has considered all alleged impairments, both individually and in combination, and must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled.  *See Jamison v. Bowen*, 814 F.2d 585, 588-89 (11th Cir. 1987); *Davis*, 985 F.2d at 534.  A mere diagnosis is insufficient to establish that an impairment is severe.  *See Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002) (citing *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)). A claimant has the burden of proof to provide substantial evidence establishing that a physical or mental impairment has more than a minimal effect on a claimant's ability to perform basic work activities. *See Bridges v. Bowen*, 815 F.2d 622, 625-26 (11th Cir. 1987).  However, a remand is required where the record contains a diagnosis of a severe condition that the ALJ failed to consider properly.  *Vega v. Comm'r*, 265 F.3d 1214, 1219 (11th Cir. 2001).  If the claimant does not have a severe medically determinable impairment or combination of impairments, he is not

disabled.  If the claimant has a severe impairment or combination of impairments, the analysis proceeds to the third step.

At step three, it must be determined whether the claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listing(s)").  20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926.  If the claimant's impairment or combination of impairments meets or medically equals the criteria of a Listing and meets the duration requirement (20 CFR §§ 404.1509, 416.909), the claimant is disabled.  If it does not, the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the claimant's RFC.  20 CFR §§ 404.1520(e), 416.920(e).  An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations secondary to his established impairments.  In making this finding, the ALJ must consider all of the claimant's impairments, including those that may not be severe.  20 CFR §§ 404.1520(e), 404.1545, 416.920(e), 416.945.

Next, the ALJ must determine step four, whether the claimant has the RFC to perform the requirements of his past relevant work.  20 CFR §§ 404.1520(f), 416.920(f); *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).  The ALJ makes this determination by considering the claimant's ability to lift weight, sit, stand, push, and pull.  *See* 20 C.F.R. § 404.1545(b).  The claimant has the burden of proving the existence of a disability as defined by the Social Security Act.  *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991).  If the claimant is unable to establish an impairment that meets the Listings, the claimant must prove an inability to perform

the claimant's past relevant work. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). The term past relevant work means work performed (either as the claimant actually performed it or as it is generally performed in the national economy) within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the claimant to learn to do the job and have been SGA. 20 CFR §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the claimant has the RFC to do his past relevant work, the claimant is not disabled. If the claimant is unable to do any past relevant work, the analysis proceeds to the fifth and final step.

At the last step of the sequential evaluation process (20 CFR §§ 404.1520(g), 416.920(g)), the ALJ must determine whether the claimant is able to do any other work considering his RFC, age, education and work experience. In determining the physical exertional requirements of work available in the national economy, jobs are classified as sedentary, light, medium, heavy, and very heavy. 20 CFR § 404.1567. If the claimant is able to do other work, he is not disabled. If the claimant is not able to do other work and his impairment meets the duration requirement, he is disabled. Although the claimant generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Social Security Administration. In order to support a finding that an individual is not disabled at this step, the Social Security Administration is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the RFC, age, education and work experience. 20 CFR §§ 404.1512(g), 404.1560(c), 416.912(g), 416.960(c).

### B.     THE STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord*, *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

Congress has empowered the district court to reverse the decision of the Commissioner without remanding the cause. 42 U.S.C. § 405(g)(Sentence Four). To remand under sentence four, the district court must either find that the Commissioner's decision applied the incorrect law, fails to provide the court with sufficient reasoning to determine whether the proper law was

applied, or is not supported by substantial evidence. *Keeton v. Dep't of Health & Human Serv.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (reversal and remand appropriate where ALJ failed to apply correct law or the ALJ failed to provide sufficient reasoning to determine where proper legal analysis was conducted) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1146 (11th Cir. 1991); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)); *Jackson v. Chater*, 99 F.3d 1086, 1090-91 (11th Cir. 1996) (remand appropriate where ALJ failed to develop a full and fair record of claimant's RFC); *accord Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

This Court may reverse the decision of the Commissioner and order an award of disability benefits where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *accord*, *Bowen v. Heckler*, 748 F.2d 629, 631, 636-37 (11th Cir. 1984). A claimant may be entitled to an immediate award of benefits where the claimant has suffered an injustice, *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982), or where the ALJ has erred and the record lacks substantial evidence supporting the conclusion of no disability, *Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985). The district court may remand a case to the Commissioner for a rehearing under sentences four or six of 42 U.S.C. § 405(g); or under both sentences. *Jackson*, 99 F.3d at 1089-92, 1095, 1098. Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his decision. *Falcon v. Heckler*,

732 F.2d 827, 829 - 30 (11th Cir. 1984) (remand was appropriate to allow ALJ to explain his

basis for determining that claimant's depression did not significantly affect her ability to work).[3]

## VI.    ANALYSIS.

SSR 96-8p provides:

> The RFC assessment must first identify the individual's functional
> limitations or restrictions and assess his or her work related
> abilities on a function-by-function basis, including the functions in
> paragraphs (b), (c), and (d) of 20 CFR 404.1545. . . .  Only after
> that may RFC be expressed in terms of the exertional levels of
> work, sedentary, light, medium, heavy, and very heavy.

*Id*. (emphasis added).[4]  20 CFR § 404.1545(b) provides that the following physical functions will

be assessed in determining an individual's RFC: "sitting, standing, walking, lifting, carrying,

pushing, pulling, or other physical functions  (including manipulative or postural functions, such

as reaching, handling, stooping or crouching). . . ."  *Id*. (emphasis added).  SSR 96-8p further

states that "it is necessary to assess the individual's capacity to perform each of these functions

in order to decide which exertional level is appropriate and whether the individual is capable of

doing the full range of work contemplated by the exertional level." *Id*.  Thus, before stating a

claimant's RFC in terms of sedentary, light, or heavy, an ALJ must first assess the claimant's

physical abilities on a function-by-function basis, including a claimant's ability to sit, stand, and

walk.  *See* SSR 96-8p; 20 CFR § 404.1545(b).

---

[3] On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence.  *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand ALJ required to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (on remand ALJ required to consider the need for orthopedic evaluation).  After a sentence-four remand, the district court enters a final and appealable judgment immediately, and then loses jurisdiction.  *Jackson*, 99 F.3d at 1089, 1095.

[4] The Eleventh Circuit has stated that "Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration.  Even though the rulings are not binding on us, we should nonetheless accord the rulings great respect and deference. . . ."  *Klawinski v. Commissioner of Social Security*, 391 Fed.Appx. 772, 775 (11th Cir. 2010) (unpublished) (citations omitted).

In *Washington v. Astrue*, 558 F.Supp.2d 1287, 1300 (N.D. Ga. 2008), the District Court found:

> The Commissioner requires, however, that '[t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis. . . . Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.' SSR 96-8p. The ALJ never performed the function-by-function analysis before determining that Plaintiff could perform a heavy work. This was error. *See e.g.*, *Matejka v. Barnhart*, 386 F.Supp.2d 198, 208 (W.D.N.Y.2005) ("Since the ALJ failed to make a function-by-function analysis of plaintiff's RFC, his determination that she had the RFC for sedentary work is not supported by substantial evidence."); *Jones v. Barnhart*, 372 F.Supp.2d 989, 1005 (S.D.Tex.2005); *Blom v. Barnhart*, 363 F.Supp.2d 1041, 1058 (E.D.Wis.2005); *Jesse v. Barnhart*, 323 F.Supp.2d 1100, 1110 n. 49 (D.Kan.2004) (citing *Alexander v. Barnhart*, 74 Fed.Appx. 23, 28 (10th Cir.2003), for the proposition that 'the ALJ's RFC determination [is] not supported by substantial evidence where the ALJ failed to make a proper function-by-function analysis').

*Id*. Thus, the failure to perform a function-by-function analysis is reversible error. *Id*.

The Commissioner maintains that the "ALJ clearly discussed [Claimant's] allegations regarding his ability to sit, stand, and walk." Doc. No. 19 at 8. The Commissioner argues that the medical evidence indicates that Claimant had normal strength, sensation, and reflexes in his extremities, and Dr. Carter opined that Claimant could work. Doc. No. 19 at 8. The Commissioner asserts the record contains no medical opinion contradicting Dr. Carter's opinion, and no other opinion assigning any limitations on Claimant's ability to sit, stand, or walk. *Id*. While the Commissioner accurately characterized the record, the argument presented is without merit. The Claimant did testify about such limitations. R. 37-40, 45. However, the ALJ conducted no analysis of Claimant's ability to sit, stand, and walk, and made no specific findings

as to any such limitations.  *See* R. 9-18.  "[A] court may not accept appellate counsel's *post hoc* rationalizations for agency actions," and "[i]f an action is to be upheld, it must be upheld on the same bases articulated in the agency's order."  *Baker v. Commissioner of Social Security*, 2010 WL 2511385 at *3 (11th Cir. June 23, 2010) (unpublished) (citing *FPC v. Texaco Inc.*, 417 U.S. 380, 397 (1974) (emphasis in original)).  Accordingly, the ALJ failed to comply with the requirements of SSR 96-8p and 20 CFR  § 404.1545(b).

Light work is defined as:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 CFR § 404.1567(b).  SSR 83-10 further provides that a "full range of light  requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday," and "[s]itting may occur intermittently during  the  remaining  time."   *Id*.   In  this  case,  the  ALJ  found  that Claimant was <u>not</u> capable of performing a full range of light work.  R. 17 ("[T]he [C]laimant's ability to perform all or substantially all of the requirements of [light work] has been impeded by additional limitations.").  Therefore, the Court cannot infer that the ALJ found no limitations in the ability to sit, stand or walk, or that the Claimant is capable of the full range of sitting, standing,  or  walking  as  set  forth  under  the  definition  of  light  work.   *Compare Freeman v. Barnhart*, 220 Fed.Appx. 957, 959-60 (11th Cir. 2007) (unpublished) (holding ALJ's finding that

claimant could perform full range of light work necessarily depended on a finding as to sitting, standing, and walking).[5]   To do so would require the Court to impermissibly reweigh the evidence and conduct its own RFC analysis on a function-by-function analysis.  *Bloodsworth v. Heckler*, 703 F.2d 123, 1239 (11th Cir. 1983) (when reviewing the Commissioner's decision, a court does not "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].").   Accordingly, the Court finds that the ALJ's failure to perform a function-by-function analysis when determining Claimant's RFC warrants reversal pursuant to sentence four of Section 405(g).[6]

## VII.   CONCLUSION.

As set forth above, because the ALJ erred to follow SSR 96-8p and 20 CFR § 404.1545(b) when assessing Claimant's RFC, the final decision of the Commissioner must be reversed pursuant to sentence four of Section 405(g).[7]   Accordingly, it is hereby **ORDERED** that:

---

[5] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.

[6] Claimant also maintains that the ALJ's RFC determination is not supported by substantial evidence because it is based solely upon the opinions of non-examining state agency physicians.  Doc. No. 18 at 7.  The opinions of a non-examining physician do not constitute substantial evidence when standing alone.  *See Spencer ex rel. Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985) (holding opinions of non-examining physicians do not constitute substantial evidence when standing alone).  However, because this case is being remanded for further proceedings due to the ALJ's above stated error in determining Claimant's RFC, and the Commissioner will be reweighing the evidence on remand, the Court declines to address the remaining issue Claimant raised regarding the ALJ's RFC assessment.

[7] The Court rejects Claimant's argument that the case should be reversed and remanded for an award of benefits based upon *Holt v. Sullivan*, 921 F.2d 1221, 1223-24 (11th Cir. 1991).  Doc. No. 18 at 9.  In *Holt*, 921 F.2d at 1223-24, the Eleventh Circuit held that where an ALJ fails to make a credibility finding, the claimant's subjective testimony must be accepted as true.  *Id.*  Because the ALJ failed to make a credibility finding the Eleventh Circuit held that the claimant's testimony must be accepted as true.  *Id.*  The Eleventh Circuit then reversed and remanded for further proceedings to determine whether, accepting the claimant's testimony as true, the claimant had satisfied the pain standard.  *Id.* at 1224.  The Eleventh Circuit did not reverse and remand the case for an award of benefits.  *Id.*  In this case, the ALJ made an explicit credibility determination.  R. 16.  Therefore, *Holt* is distinguishable from the instant case.  Moreover, based on the current record, the Court cannot find that the Claimant is disabled beyond a doubt or has suffered an injustice.  *See Davis*, 985 F.2d at 534 (claimant entitled to award of benefits where evidence establishes disability beyond a doubt); *Walden*, 672 at 840 (claimant entitled to award of benefits where claimant has suffered an injustice).  Accordingly, a remand for further proceedings is appropriate.

1.   The final decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for a new hearing and decision which complies with the provisions of this order; and

2.   The Clerk is directed to enter judgment in favor of the Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on January 18, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Krista L. Rush, Esq.
Krista L. Rush, PA
10 Suntree Place
Melbourne, FL 32940

Susan R. Waldron
U.S. Attorney's Office
Suite 3200
400 N. Tampa St.
Tampa, Florida          33602


Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia          30303-8920

The Honorable Walter C. Herin, Jr.
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Suite 200

1927 Thurmond Mall Blvd.
Columbia, SC 29201